# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Neil Cornelius Cumbee,  )  | C/A No. 6:06-cv-1566-MBS |
|  ) | |
| Petitioner, ) | |
| vs. ) | **OPINION AND ORDER** |
|  ) | |
| Willie Eagleton, Warden of Evans ) | |
| Correctional Institution, ) | |
|  ) | |
| Respondent. ) | |

Petitioner Neil Cornelius Cumbee is an inmate in the custody of the South Carolina Department of Corrections ("SCDC") and is currently housed at the Evans Correctional Institution ("ECI"). Petitioner, appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On June 26, 2006, Petitioner filed an amended habeas petition. Respondent filed a motion for summary judgment on August 21, 2006. By order issued August 24, 2006, in accordance with *Roseboro v. Garrison*, 538 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and of the possible consequences if he failed to respond adequately. After receiving an extension of time, Petitioner responded to the summary judgment motion on October 16, 2006.

This matter was referred to United States Magistrate Judge William M. Catoe for pretrial handling, as provided by 28 U.S.C. § 636(b) and Local Civil Rule 73.02 D.S.C. The Magistrate Judge reviewed the summary judgment motion and response, and filed a Report and Recommendation on January 29, 2007. (*See* Report of Magistrate Judge William M. Catoe (Entry 16).) The Magistrate Judge recommended that Respondent's motion for summary judgment be granted. Petitioner's objection to the Report was filed on February 22, 2007.

The Magistrate Judge makes only a recommendation to the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility of making a final determination remains with the court. *Id*. The court is charged with conducting a *de novo* review of the Report to which specific objection has been made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, a district court is not required to give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**I.     FACTS.**

Petitioner was a passenger in a car stopped for a traffic violation and was seated in the vehicle's front passenger seat. (Record at 161-62, *State v. Cumbee*, 97-GS-26-2508 (Ct. of Gen. Sessions March 1998).) As a police officer was checking the driver's records, Petitioner stepped out of the vehicle. (*Id.* at 163-67.) The officer noticed a lump in Petitioner's right front pocket and ordered Petitioner back into the car. (*Id.* at 168.) A back-up officer arrived and initiated a pat-down search of Petitioner. (*Id.* at 171.) Petitioner resisted the search of his pocket. (*Id.* at 174.) Petitioner fled, and a struggle ensued. (*Id.*) Police officers testified that, during the struggle, Petitioner tried to bury a clear plastic bag. (*Id.* at 188.) The bag was recovered. (*Id.*) Officers later recovered a pistol from under the front passenger seat. (*Id.* at 205.) The substance from the discarded bag was tested by a government chemist and was confirmed to be cocaine. (*Id.* at 188.)

A grand jury in Horry County, South Carolina issued an indictment charging Petitioner with trafficking of crack cocaine and with unlawfully carrying a firearm. (*Id.* at 6.) Petitioner's first jury trial before the Honorable James Lockemy resulted in a hung jury on February 11, 1998. (Record

at 276, *State v. Cumbee*, 97-GS-26-2508 (Ct. of Gen. Sessions February 1998).) Petitioner's second jury trial before Judge Lockemy began March 3, 1998 and resulted in a guilty verdict. (Record at 384, *State v. Cumbee*, 97-GS-26-2508 (Ct. of Gen. Sessions March 1998).) Petitioner was represented by Attorney Candice Adams at both trials. (*Id.* at 394.)

At the second trial, state solicitor Lucia Bacot made three remarks that are the focus of Petitioner's objection to the Magistrate Judge's Report. First, the solicitor stated:

> [The trial judge will] probably tell you that you don't have to believe a hundred percent of a witness or any of the witnesses. You can believe part of it or all of it or none of it. In this case, I submit you have no reason to doubt anything that any of the witnesses said. You saw their demeanor. You saw the way - - you heard the way they presented the facts, and I don't believe there can be any doubt that they were telling you the truth and telling you what happened back on August 4th 1997.

(*Id.* at 327.) She further stated the importance of "[t]ak[ing] the chemist's word. Understand the law. Every bit of this is crack cocaine, and it is more than seventy-seven grams, and who had it on August the 4th, 1997, before he could stuff it or try to stuff it in the shrubbery, that man right there, Cornelius S. Cumbee." (*Id.* at 337.) Additionally, the solicitor remarked that "the testimony is uncontested that Officer Atwood saw the Defendant reach into his pocket, pull out a plastic bag, and as they - everybody is on the ground by now. I think everybody will agree that was the testimony of those involved." (*Id.* at 332.) Later, the solicitor again noted that "the testimony is uncontested that he, Officer Atwood, saw him take [crack cocaine] out of his pocket and place it in the mulch." (*Id.* at 334.) Petitioner's counsel did not object to the statements of the solicitor. (*Id.* at 326-340.)

On March 5, 1998, the jury returned a verdict finding Petitioner guilty of trafficking in crack cocaine and unlawful carrying of a pistol. (*Id.* at 384.) Petitioner was sentenced to a term of twenty

years imprisonment for the drug trafficking conviction, a one-year concurrent sentence for the unlawful possession of a pistol conviction, and a fine of fifty thousand dollars. (*Id.* at 394.) Petitioner filed a timely notice of appeal. (Report of Magistrate Judge, 2.) The South Carolina Court of Appeals denied Petitioner's appeal.

Petitioner filed a post-conviction relief application in state court on February 23, 2001 alleging his defense counsel provided ineffective assistance. (Record at 324-29, *Cumbee v. State*, 02-CP-26-925 (Ct. of Common Pleas February 2004).) Specifically, Petitioner alleged his attorney improperly failed to move the court to quash an indictment, and improperly failed to object to statements made by the solicitor during closing arguments. (*Id.* at 329.) The Honorable Steven H. John held an evidentiary hearing on February 26, 2004. (*Id.* at 326.) Judge John denied the petition and ruled: "The [Petitioner] has failed to carry the burden of proof regarding ineffective assistance of counsel as far as showing that the counsel was ineffective and also showing that but for, even if the errors existed, that but for those errors the result in this matter would have been different." (*Id.* at 346.) On December 29, 2004, Petitioner filed for a writ of certiorari with the South Carolina Supreme Court. (*Id.*) The supreme court denied the certiorari petition. (*Id.*)

In the instant 28 U.S.C. § 2254 petition for writ of habeas corpus, Petitioner presents three grounds for relief. Petitioner's first ground alleges state trial court error for "refusing to grant a directed verdict of not guilty" in light of the state's alleged insufficient evidence against Petitioner. (*Id.* at 4.) Petitioner's second ground alleges his defense counsel was ineffective "for failing to move the court to quash the indictment for trafficking in crack cocaine." (*Id.*) Petitioner's third ground alleges his attorney was ineffective "for failing to object to the [state solicitor's] improper comments during closing arguments," and "fail[ing] to present [sic] curative instructions or move for a mistrial

because of the [state solicitor's] improper comments." (*Id.*)  The Magistrate Judge recommended that the court grant Respondent summary judgment on all of Petitioner's grounds.  (Report of Magistrate Judge, 22.)  Petitioner filed an objection limited to the Magistrate Judge's rejection of Petitioner's third ground.  (Pet'r Objection, 1.)  Petitioner has not objected to the Magistrate Judge's recommendation that Respondent be granted summary judgment on Petitioner's first and second grounds.  (*Id.*)  Therefore, the court turns to Petitioner's third ground for relief.

**II.    ANALYSIS.**

Title 28, U.S. Code, Section 2254(d) provides in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

In his objection, Petitioner refutes the Magistrate Judge's findings on "[g]round three in its [entirety]." (Pet'r Objection, 1.)  Petitioner contends that defense counsel was ineffective for failing to challenge the statements made by the solicitor during closing arguments.  (*Id.*)  The court disagrees.

Petitioner must satisfy the two-prong test articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), to obtain relief on a claim for ineffective assistance of counsel. First, Petitioner must show that defense counsel's representation fell below "an objective standard of reasonableness." *Id*. at 687.  There is a strong presumption that defense counsel's conduct is within the wide range of reasonable professional assistance, and the court is required to grant broad deference when scrutinizing an attorney's performance. *Id.* at 688-89. Second, Petitioner must show

reasonable probability that, but for defense counsel's errors, the result of the proceedings would have been different. *Id.* at 694. Petitioner must show not only that defense counsel's conduct fell below a constitutionally acceptable level, he must also show that had his representation not been deficient, the outcome of his case would have been different. *Id.* Only by satisfying both *Strickland* prongs can Petitioner show that the state's adjudication of his ineffective assistance of counsel claim was "contrary to" or involved "an unreasonable application" of clearly established federal law. 28 U.S.C. § 2254(d).

With respect to the first prong of the *Strickland* analysis, Petitioner's defense counsel testified during Petitioner's post-conviction relief hearing to choosing not to object to the statements in issue so as not to bring more attention to the solicitor's remarks. (Record at 337-38, *Cumbee v. State*, 02-CP-26-925 (Ct. of Common Pleas, February 2004).) As a tactical decision, Petitioner's counsel believed that she could defray any impact of the comments during her closing statement, which followed the solicitor's closing. (*Id.*) Specifically, Petitioner's counsel testified that "continuing to object like I said makes it look like we're trying to hide something at the [sic] point. . . . I was waiting for my opportunity to get up in closing to really address [these] issues." (*Id.* at 342.) In her closing, Petitioner's counsel attacked the testimony and credibility of the government's witnesses, including that of the arresting officers and the chemist. (*See* Record at 340-59, *Cumbee*, 97-GS-26-2508 (Ct. of Gen. Sessions March 1998).) Thus, after reviewing the record, the court finds that petitioner fails to "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689).

However, even assuming defense counsel's failure to object "fell below an objective standard

of reasonableness," Petitioner must still show a reasonable probability that, but for the assumed errors, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694. In his objections to the Magistrate Judge's Report, Petitioner contends he was prejudiced by the solicitor's alleged vouching for the testimony of state's witnesses. Vouching occurs when a prosecutor indicates a "personal belief in the credibility or honesty of a witness[.]" *United States v. Sanchez*, 118 F.3d 192, 198 (4th Cir. 1997) (quoting *United States v. Mitchell*, 1 F.3d 235, 240 (4th Cir. 1993)). The relevant question is whether the remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." (*Id.*) The court must make a prejudicial impact determination on the basis of four factors: "(1) the degree to which the comments could have misled the jury; (2) whether the comments were isolated or extensive; (3) the strength of proof of guilt absent the inappropriate comments; and (4) whether the comments were deliberately made to divert the jury's attention." *Id.* at 198. The court concludes that the comments did not cause Petitioner prejudice. *See id.*

The *Sanchez* factors demonstrate that the solicitor's comments caused no prejudice to Petitioner. First, it is unlikely that the solicitor's statements misled the jury. The state trial judge repeatedly instructed the jury to weigh the credibility of all witnesses fairly and independently. (Record at 365-66, *Cumbee*, 97-GS-26-2508.) For example, the judge stressed:

> "[The attorneys will] be able to give you a summation later on, but please, ladies and gentlemen, concern yourself only with one thing and that is the evidence presented for you, okay, and the law as I instruct it to you. The attorneys are giving overviews and summations, but the evidence and the law is what you should concern yourself with in making your decision, okay?

(*Id.* at 154.) Later, the judge charged the jury as such before their deliberations. (*Id.* at 365-66.)

7

Second, the solicitor's comments were statements in the middle of a lengthy closing argument and thus of an isolated nature. (*Id.* at 327.) The third *Sanchez* factor also militates against finding prejudice as the government's proof against Petitioner was strong. For example, Petitioner fought with law enforcement officers during a traffic stop. (*Id.*) While resisting officers, Petitioner was seen removing a plastic bag from his pants pocket and throwing it into nearby shrubs. (*Id.*) Law enforcement recovered the plastic bag, and subsequent tests revealed that it contained at least seventy-seven grams of crack cocaine. (*Id.* at 332-35.) Finally, with regard to the fourth *Sanchez* factor, nothing in the record suggests that the comments of the solicitor were "deliberately made to divert the jury's attention." Therefore, the court concludes that the Petitioner suffered no prejudice from the solicitor's statements.

Petitioner next contends that the solicitor bolstered testimony of state witnesses during her closing argument, causing prejudice to the Petitioner. Bolstering is an "implication by the government that the testimony of a witness is corroborated by evidence known to the government but not known to the jury." *Sanchez*, 118 F.3d at 198. The court discerns no foundation for Petitioner's bolstering allegation. The record does not suggest that the solicitor implied the government was privy to additional information not presented to the jury that would constitute corroboration of witness testimony.

Finally, Petitioner contends he was prejudiced from the solicitor's alleged references to Petitioner's decision not to testify at trial. In the court's view, the solicitor's comments were designed to refer not to Petitioner's decision to remain silent, but, rather, to emphasize that the testimony of Officer Atwood was not contradicted by any other testifying witnesses. Further, the United State Court of Appeals for the Fourth Circuit has repeatedly rejected Fifth Amendment

challenges to prosecutorial comments nearly identical to the one at issue here. *See, e.g., United States v. Francis*, 82 F.3d 77 (4th Cir. 1996) (reference to "uncontradicted" evidence not improper); *United States v. Percy*, 765 F.2d 1199, 1204-05 (4th Cir. 1985) (reference to "unrefuted and unrebutted" testimony not improper). The solicitor's reference to "uncontested" testimony was not "of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *United States v. Anderson*, 481 F.2d 685, 701 (4th Cir. 1973).

Petitioner fails to satisfy either *Strickland* prong. Therefore, Petitioner fails in showing that the state's adjudication of his ineffective assistance of counsel claim was "contrary to" or involved "an unreasonable application" of clearly established federal law. 28 U.S.C. § 2254(d). Respondent is entitled to summary judgment as a matter of law as recommended by the Magistrate Judge.

### III.   CONCLUSION.

For the reasons set out herein and in the Report and Recommendation, Respondent's motion for summary judgment is **granted** (Entry 9). The petition is dismissed, with prejudice.

**IT IS SO ORDERED**.

S/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

March 1, 2007

Columbia, South Carolina

### NOTICE OF RIGHT TO APPEAL
**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**